# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN DOE GC,

        Plaintiff,

v.

UNITED STATES OF AMERICA and
MARK WISNER,

        Defendants.

Case No. 18-2578

## MEMORANDUM AND ORDER

Plaintiff John Doe GC brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 and 38 U.S.C. § 7316(a), (f), alleging that Wisner conducted improper and/or unnecessary physical examinations of plaintiff and elicited unnecessary private information. Plaintiff also alleges state law claims. This matter is before the court on defendant United States of America's Motion to Dismiss (Doc. 3). Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and because it fails to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the court grants defendant's motion in part and denies it in part.

Plaintiff is a veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner treated and provided medical care for plaintiff. Wisner was a physician's assistant for the VA, and is a defendant in more than ninety pending civil suits before this court.

The claims in this case are similar to claims in a number of other cases this court has considered. *See, e.g.*, *Anasazi v. United States*, No. 16-2227, 2017 WL 2264441, at *1–*2 (D. Kan.

-1-

May 23, 2017); *Doe D. E. v. United States*, No. 16-2162, 2017 WL 1908591, at *1–*2 (D. Kan. May 10, 2017). The court will not repeat the details of them here. Highly summarized, they are: (1) Count I: Negligence – Medical Malpractice; (2) Count II: Negligent Supervision, Retention and Hiring; (3) Count III: Battery; and (4) Count IV: Invasion of Privacy.

Likewise, the court has set forth the governing legal standards in a number of other cases involving the same parties and similar claims. The court does not repeat them here, but applies them as it has in the past. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *2; *Doe D. E.*, 2017 WL 1908591, at *2.

### **Scope of Employment**

Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

This court has repeatedly held that plaintiffs with similar allegations to those here have sufficiently alleged that Wisner's conduct was within the scope of his employment. *See, e.g.*, *Doe BF v. United States*, No. 17-2088, 2017 WL 4355577, at *4–*5 (D. Kan. Oct. 2, 2017); *Almquist v. United States*, No. 17-2108, 2017 WL 4269902, at *4–*5 (D. Kan. Sept. 25, 2017); *Anasazi*, 2017 WL 2264441, at *4; *Doe D. E.*, 2017 WL 1908591, at *4. The court also has held that plaintiffs with similar allegations have presented plausible claims that the VA Immunity Statute applies, allowing them to pursue remedies under the FTCA for claims arising out of a battery. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *5; *Almquist*, 2017 WL 4269902, at *5; *Anasazi*, 2017 WL 2264441, at *5; *Doe D. E.*, 2017 WL 1908591, at *4. The court likewise allows plaintiff to proceed in this case.

**Statute of Repose**

Defendant claims that at least some of plaintiff's claims are barred by Kansas's four-year statute of repose. *See* Kan. Stat. Ann. § 60-513(c) (stating that, with respect to a "cause of action arising out of the rendering of or the failure to render professional services by a health care provider," "in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action"). Plaintiff disagrees, raising four arguments in opposition to defendant's position: (1) Section 60-513(c) does not apply to plaintiff's claims because Wisner was not a "health care provider"; (2) In any event, § 60-513(c) does not apply to plaintiff's claim for battery; (3) The FTCA's administrative process tolls the statute of repose; and (4) Equitable estoppel tolls the statute of repose.

The court has addressed all four of these arguments a number of times. First, Wisner was a health care provider, making § 60-513(c) applicable. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *2; *Almquist*, 2017 WL 4269902, at *2. Second, § 60-513(c) applies to all of plaintiff's claims, including battery. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *2; *Almquist*, 2017 WL 4269902, at *2. Third, the FTCA administrative process tolls the statute of repose. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *3; *Almquist*, 2017 WL 4269902, at *3. And fourth, equitable estoppel does not further toll the statute of repose. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *3–*4; *Almquist*, 2017 WL 4269902, at *3–*4.

In this case, the impact of these rulings is that some of plaintiff's claims may be barred by the statute of repose. In his complaint, plaintiff alleges that he saw Wisner "on multiple occasions from approximately 2012 through 2014." Taking these allegations as true, some of plaintiff's claims likely happened before April 12, 2014, which was four years before plaintiff filed an administrative claim. Any such claims are therefore barred by the statute of repose.

## Count II – Negligent Supervision, Hiring, and Retention

The court has previously dismissed other plaintiffs' claims for negligent hiring and retention based on the discretionary function exception to the FTCA. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *8–*9; *Doe D. E.*, 2017 WL 1908591, at *8. This outcome remains appropriate despite plaintiff's argument that the VA had mandatory duties under the U.S. Constitution. *Doe BF*, 2017 WL 4355577, at *5–*6; *Almquist*, 2017 WL 4269902, at *5–*6.

As for the negligent supervision claim, the court has allowed this claim to proceed in the past. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *6; *Almquist*, 2017 WL 4269902, at *6; *Anasazi*, 2017 WL 2264441, at *7; *Doe D. E.*, 2017 WL 1908591, at *6. For the reasons the court has set forth in other related opinions, defendant's motion is denied with respect to plaintiff's claim for negligent supervision.

## Count IV – Invasion of Privacy

Finally, the court has repeatedly addressed plaintiff's allegations for invasion of privacy and found that they fail to state a claim. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *10–*11; *Doe*, 2017 WL 1908591, at *10. Plaintiff has not made any arguments here that justify altering the court's analysis. This claim is therefore dismissed for the same reasons previously given.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 3) is granted in part and denied in part. The motion is granted as to Count IV. The motion is also granted as to plaintiff's negligent hiring and retention claim in Count II, but denied as to plaintiff's negligent supervision claim in Count II. Finally, some of plaintiff's claims may be time-barred.

Dated this 27th day of February, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**